Field v. Tibbetts.

CHARLES FIELD vs. ELMIRA D. TIBBETTS.

A negotiable promissory note, payable by installments, is dishonored when the first installment is overdue and unpaid.

By virtue of Public Laws of 1858, c. 33, § 27, the fact that a negotiable promissory note was overdue when negotiated, will not, in an action thereon by "any holder for a valuable consideration, and without notice of the illegality of the contract," subject it to the defense that it was given in part for intoxicating liquors unlawfully sold.

And, under the statute, the fact that a note is overdue is not notice express or implied, that it was given for intoxicating liquors.

ON EXCEPTIONS.

WRIT OF ENTRY on a mortgage, dated Oct. 24, 1866, and given by the defendant to one Coffee, to secure a negotiable promissory note, of the same date, for one hundred dollars, payable to Coffee or order, "in monthly payments of five dollars each, at the expiration of each and every month from the date" thereof, "and interest."

The plaintiff read the mortgage and an assignment thereof to himself, dated Dec. 24, 1866, duly acknowledged and recorded; and also the note which was duly indorsed by the payee at the date of the assignment of the mortgage.

The defendant offered to prove that the note was given in part for intoxicating liquors, sold without authority of the State or United States, and that the other part of the consideration was the sale of property not owned by the payee. This evidence was objected to by the plaintiff, and excluded by the presiding judge. Thereupon the defendant submitted to a default, which was to be taken off, and the case stand for trial, if the ruling was erroneous.

*Titcomb*, for the plaintiff.

*J. Baker*, for the defendant.

*Field v. Tibbetts.*

WALTON, J. We think the note must be regarded as dishonored at the time it was indorsed to the plaintiff (4 Allen, 562), and was therefore subject to the defense of a want or failure of consideration. But we do not think the fact, that it was then overdue, subjected it to the defense that it was given in part for intoxicating liquors. The effect of our statute is that such a defense shall not extend to negotiable paper in the hands of any holder for a valuable consideration, and without notice of the illegality of the contract. This protection is not limited to such holders as take the paper before it is due; it is extended in terms to " any holder for a valuable consideration, and without notice of the illegality." (Act of 1858, c. 33, § 27.) In the trial of such an issue, the fact that the paper was or was not overdue when the plaintiff took it, seems to be immaterial. The question is not whether the paper was or was not overdue, but whether the plaintiff *is* a holder for value and without notice of the illegality of the contract. If he prevails upon these points, he brings himself within the terms of the statute, and is entitled to its protection. Such a defense must be governed by our statute, and not by the rules of the mercantile law. By the common law, the fact that the note was given for intoxicating liquors would be no defense. Such a defense, as well as its limitations, is created and regulated by our statute, and not by the mercantile law. Under our statute, the fact that a note is overdue, is not notice, express or implied, that it was given for intoxicating liquors. *Case to stand for trial.*

CUTTING, KENT, DICKERSON, and BARROWS, JJ., concurred.