# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY.

SEPTEMBER TERM, 1880.

CASE 1—PETITION ORDINARY—DECEMBER 13, 1879.

## Warren, &c., v. Fant's trustee.

APPEAL FROM WARREN COURT OF COMMON PLEAS.

1. When a surety has been discharged from legal liability upon a written obligation, by its alteration without his consent, a subsequent promise by him to pay is not binding, unless made upon some new consideration.

2. Words added upon the margin of an obligation, and above the signatures of the obligors, by an arrangement between the obligee and principal obligor, after the delivery of the writing, are to be deemed a part of the obligation, and, if added without the consent of the sureties, and their liability is thereby increased, they are released.

HALSELL & MITCHELL FOR APPELLANTS.

1. The addition to the writing sued on was a "material alteration," which released the sureties. The words added are a part of the obligation, although written on the margin. (Daniel on Negotiable Instruments, secs. 149, 1373 and 1375; Woodworth v. Bank of America, 19 Johnson, 391; Lisle v. Rogers, 18 B. M., 538.)

2. The effect of the alteration was to render the note utterly void, as to the sureties, from the instant it was made, and the subsequent promise to pay, if one was made, was without consideration, and, therefore, not binding. (Cotton v. Edwards, 2 Dana, 106; Blakey v. Johnson, 13 Bush, 202; Emmons v. Overton, 18 B. M., 650; Peabody v. Harvey, 4 Conn., 119; Huntingdon v. Harvey, 4 Conn., 124.)

3. The court having directed the jury to find specially, it was error to. give any instructions. (Civil Code, secs. 317 and 327.)

Warren, &c., v. Fant's trustee.

BUSH & PORTER FOR APPELLEE.

1. Even if the court erred in giving and refusing instructions, appellants were not prejudiced, as the jury did not return a general verdict, and the instructions could not have affected the special findings.

2. The jury having found that appellant ratified the alteration of the contract, the court acted properly in rendering judgment for appellee.

3. The marginal indorsement upon the obligation was a *new* agreement, and not an alteration of the original contract; and therefore the sureties were not released. (*Jones v. Alexander, &c., MS. Op., Dec. 5, 1876; 3 Bibb, 10; Ibid, 360; 4 Bibb, 292; Ibid, 300.*)

H. T. CLARK FOR APPELLEE.

Brief not with record.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

The reply admitted that the words on the margin of the obligation sued upon were written at the suggestion of the appellee, in the absence of the sureties, and by implication at least, without their knowledge or consent.

Those words, if taken to be a part of the note, increased the liability of the sureties, and released them, unless they are bound by subsequent ratification or promise to pay.

The words added were written on the face of the paper which contained the obligation, and above the signatures of the obligors; they were put there at the instance of the obligee to secure a benefit that would not have been secured without them; the appellee insisted that the sureties were bound by them, refused to accept what he would have been entitled to without them, and in his original petition declared on them as a part of the writing.

This is sufficient to show that the appellee regarded them as a part of the obligation, and that they are to be so regarded is abundantly established by authority. (Daniel on Negotiable Instruments, sec. 149, *et seq.*)

That the words in the margin were written after the obligation was delivered being admitted, and the jury having found that Warren promised to pay the debt after he was informed that the addition had been made, the question for decision is, whether such promise renders him liable on the obligation as if the addition had been made before he signed, or afterward with his consent.

He was merely a surety, and we think it clear that no subsequent ratification of the addition, or promise to pay the debt, can bind him, unless made upon some new consideration.

That he was not bound during the time that elapsed between the making of the alteration and the ratification or promise, all will concede.    The alteration released him, and thereafter, before he ratified it or promised to pay the debt, he was no more bound than if he had never signed the obligation at all.    (Blakey v. Johnson, 13 Bush, 197.)

That one who never signed the paper, or whose name was signed without authority or claim of authority to do so—whose name was simply forged—cannot be bound by a subsequent promise to pay the debt or ratification of the signing of his name, is, we think, clear upon both principle and authority.

In Emmons v. Overton (18 B. Mon., 650), this court held, that "when a surety is discharged from his legal liability, a promise to pay the debt, even if the promise were in writing, would not be legally binding, unless it was made upon sufficient consideration."

In Cotton v. Edwards (2 Dana, 106), it was said, that "an obligation once destroyed, so that it is no longer binding, cannot, in the nature of things, be resuscitated without the consent of the obligor.    It must be done by a new contract,

to which the obligor is a party." And, as said in Emmons.
v. Overton, *supra*, if the obligor thus discharged be a mere
surety, and, therefore, under no more obligation to pay the
debt, the new promise must be made upon sufficient consid-
eration; *i. e.*, some new consideration.

In Blakey v. Johnson (13 Bush, 202), we said, that "if a
surety does not assent to the alteration of the terms of his
undertaking, it ceases when materially altered to be his con-
tract, and it has henceforward no more force as to him than
if the whole writing had been a forgery from the beginning,"
&c.

These authorities seem conclusively to settle the law to be,.
that when once a surety is discharged from legal liability,
his discharge from that obligation is final and irrevocable.

It is not claimed that Warren made his new promise
upon any new consideration, and the jury did not find that
Ewing had made any such promise, and if they had, what
we have already said would dispose of the question as to
him also.

We are, for these reasons, of the opinion that the court
erred in rendering judgment for the appellee on the special
findings, and the judgment is reversed, and the cause re-
manded, with directions to render judgment for the appel-
lants.