[No. 6,360.—Department Two.]

ALBINA SEDGWICK, Ex'T'x *v.* THOMAS SEDG-WICK.

<div style="float:right">

| | |
|---|---|
| 56 | 213 |
| 85 | 600 |
| 56 | 213 |
| 89 | 616 |

</div>

ALTERATION OF WRITTEN CONTRACT.—In an action upon a promissory note, there appeared upon the face of the note, when offered in evidence, an alteration of the date from "1871" to "1870"; that is, the figure "1" seemed first to have been written, and then changed into a cipher. *Held*, that it did not appear that the alteration was made after the execution of the note.

EVIDENCE—CONSIDERATION.—In an action upon a promissory note, *held*, that certain evidence stated in the opinion was admissible upon the issue of a want of consideration.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Fifth District Court, County of San Joaquin. BOOKER, J.

*W. L. Hopkins,* and *J. H. Budd,* for Appellant.

The court erred in overruling defendants objection to the note. (1 Greenl. Ev. § 564; *Humphreys* v. *Guillow,* 13 N. H. 395; *Whitfield* v. *Collingwood,* 1 Car. & K. 325; *Walters* v. *Short,* 5 Gilm. 252.

*Terry, McKinne, & Terry,* and *W. L. Dudley,* for Respondents.

There is no evidence in the record showing any change of any kind in the note after it was executed.

THORNTON, J.:

This action was brought to recover the amount due on two promissory notes. Judgment passed for plaintiff. Defendant

moved for a new trial, which was denied. The case comes here on appeal from the judgment, and the order denying the motion for a new trial, mentioned above. The defendant denied the execution of one of the notes, which was for $2,274.

On the trial, the plaintiff proved the signature of the maker of the note last mentioned, and offered it in evidence. The defendant objected to this offer, on the ground that the note appeared on its face, and from the testimony of the witnesses, to have been changed in a material part after its execution, and no explanation had been given in respect to the change. The Court overruled the objection, and defendant excepted.

The alleged alteration was in the date of the note. On the face of the note there seems to have been a change of the last figure in 1870, from the figure 1 to a cipher; that is, the figure 1 seems to have been first made, and then changed to a cipher. Section 1982, Code of Civil Procedure, provides that a party producing a writing as genuine, which has been altered, or appears to have been altered after its execution, in a part material to the question in dispute, must account for the appearance or alteration, and if he does not account for such alteration, he cannot give the writing in evidence.

From the evidence in relation to this matter, we cannot say that it appears that the alteration contended for was made after the execution of the note. For this reason, the Court did not err in allowing the note to be read in evidence.

The defendant alleged in his defense that the note was without any consideration whatever, and testified that he had received nothing for it. He further testified that he had no recollection of ever executing any such note, and that the note was not his.

Defendant offered to prove by one R. B. Lane, who was called by him, that in September, 1870, he paid to the defendant, for his crop of that year, $987, and to Thomas Sedgwick, Jr., the payee of the note for $2,274, and the testator of plaintiff, on account of his father's, $400 or $500; that the defendant was a farmer, having about 500 acres of land fully paid for; that he was not engaged in any speculative business; that he had received from the witness Lane the sum of $987 for his crop of that year; and, in addition, that he allowed his son to

take money for a part of the crop, to the amount of $400 or
$500. The evidence offered was objected to as incompetent,
and, on the objection of the plaintiff, was excluded by the
Court.

Thomas Sedgwick, Jr., was the son referred to. This evi-
dence was admissible on the issue of want of consideration, and
should have been admitted. All of the transactions of defend-
ant and his son occurring about the time of the transaction of
the note, and not too remote, were admissible on that issue, and
the Court erred in excluding it. Evidence of this character was
admitted by the Court, and this should have gone in for the
purpose indicated.

We find no other errors as to the admissibility of testimony.

The other points made are as to the sufficiency of the evi-
dence to justify the findings. As the case will go back for a
new trial, we deem it proper to say nothing on these.

For the error above pointed out, the judgment and order are
reversed, and the cause remanded for a new trial.

SHARPSTEIN, J., and MYRICK, J., concurred.