[No. 13303.   Department Two. — June 26, 1891.]

GALENA BURDELL, RESPONDENT, v. J. W. TAYLOR, APPELLANT.

SURVEY OF SWAMP-LAND — RECORD — INTERLINEATION — EVIDENCE. — The record of the survey of swamp-land patented by the state is not rendered inadmissible in evidence because of an interlineation, where the maker and recorder of the survey testified that the interlineation was made before its execution by him.

ID. — EVIDENCE OF SUCCESSOR OF COUNTY SURVEYOR — HANDWRITING OF PREDECESSOR. — The evidence of the successor of the county surveyor who made and recorded the survey, that an interlineation therein was in the handwriting of his predecessor, is admissible and proper, where it is shown that the successor, as county surveyor, had charge of the official documents of that office, and had frequently examined numerous documents therein, purporting to be in the handwriting of his predecessor and which the latter had testified were in his handwriting.

EJECTMENT — CONFLICT OF SURVEYS — UNCERTAIN SURVEY — EVIDENCE AS TO LOCATION OF LINE — ERROR WITHOUT PREJUDICE. — In an action of ejectment, where there is a conflict of surveys of the land in controversy, it is not prejudicial error to refuse to allow the defendant to answer a question as to whether, in running his line of survey, it fell north or south of a certain wharf, where it appeared that he was not possessed of any knowledge where the true line ran.

APPEAL from a judgment of the Superior Court of Marin County, and from an order denying a new trial.

The facts are stated in the opinion.

*T. J. Crowley,* for Appellant.

*Hepburn Wilkins,* for Respondent.

FOOTE, C. — This is an action in ejectment to recover possession of certain parcels of land claimed by the plaintiff. The trial was had before a jury, who returned a verdict for the plaintiff; judgment was thereupon rendered, from which, and an order refusing a new trial, the defendant appeals.

One ground of error claimed is, that the evidence does not support the verdict.

The plaintiff claimed title through certain state patents to swamp and overflowed land, surveys numbered 56 and 61, and certain mesne conveyances made under those patents.

The defendant claimed some of the land in controversy as being within the lines of a Mexican land grant to which he had title, and by virtue of a certain state patent of swamp and overflowed land, survey No. 55, and by adverse possession for five years.

We think the evidence sufficient to show that no such adverse possession ever took place.

The real conflict in the matter was as to whether the land in controversy lay within the patents for surveys Nos. 61 and 56, or lay within the Mexican grant and the state patent for survey No. 55.

The county surveyor who made all the original surveys for these patents, Mr. Easkoot, and Mr. Dodge, who succeeded him, testify that the two parcels of land last described in the complaint are within the patent for swamp-land survey No. 56. And the defendant, in his original brief, at page 2, concedes as much. This being

so, it cannot be said that the jury were wrong in their verdict to that extent, particularly when we come to look at the testimony for the defendant, which falls far short of satisfactorily showing that this land was within the patent for swamp-land survey No. 55.

Easkoot seems to have made all the surveys of these swamp-lands, and to have commenced at a certain bay-tree, a natural monument still standing, as an initial point.   Dodge followed his plan in locating the boundaries on the ground.   But the surveyor employed by the defendant commenced at a stake at the southwest corner of section 32, which he was told by the defendant was a section corner, but about the truth of which he knew nothing.   Neither he nor the defendant satisfactorily established this as the true corner of that section; and when Easkoot was recalled to rebut their evidence, he stated that in making the surveys for these swamp-land patents he never set any stake at that corner, never made any survey by reference to it, and never saw one there.   In fact, the evidence did not show in any satisfactory way that this stake, from which the defendant's surveyor commenced his survey to locate the line between the land embraced in patents for survey 55 and survey 56, was the true southwest corner of section 32 at all.   This being so, the jury were fully warranted in finding, as they did, for the plaintiff, whose evidence as to the true line between these surveys was virtually uncontradicted.

So as to the land claimed by plaintiff as being in survey 61, to which he had title, the evidence is conclusive that it was within the survey on which his patent was based.

It is claimed further for the appellant that certain instructions given by the court were erroneous.   We have searched the transcript laboriously, and find no such instructions asked for, given, or excepted to.

The further point is made that the court erred in ad-

mitting in evidence the record of survey No. 61, because it appeared to be interlined, and no sufficient explanation given thereof. Even conceding that the objection made was sufficient, although not pointing to the particular respect in which the document was inadmissible, by stating that it was because of an *interlineation*, still it appears that Easkoot, the maker and recorder of the survey, showed that the interlineation was made before execution thereof by him. This was sufficient. (Code Civ. Proc., sec. 1982; *Sedgwick* v. *Sedgwick*, 56 Cal. 213.)

We think also that the evidence of Dodge, as to the interlineation being in the handwriting of Easkoot, was admissible and proper, under the rule announced in *Sill* v. *Reese*, 47 Cal. 344, it being shown that Dodge was Easkoot's successor as county surveyor, and had charge of the official documents of that office, and had given frequent examination to numerous documents therein purporting to be in Easkoot's handwriting, and which Easkoot also testified as being in his handwriting.

It is also urged that a certain question, viz., " In running that line in the direction that you did, did it fall north or south of the wharf?" asked by defendant's counsel of defendant, Taylor, as a witness, ought to have been allowed by the court to be answered.

The defendant's counsel, in his brief, states that the question is to be found on page 80 of the transcript. But there is no such question there.

On page 79, at the end of what is marked as an answer, this question appears to have been put, and not allowed to be answered. This jumbling up of the record is unfortunate, but after searching through it we have found that the question was probably asked, and an answer disallowed. But we cannot perceive that this worked any prejudice to the defendant.

The defendant, the witness, was not possessed of any knowledge where the true line between surveys 55 and 56 ran, and his statement, that the line he was following

fell north or south of the wharf, could prove nothing as to the accuracy of the line.

Again, the evidence of his surveyor and himself, as to the boundaries of the survey, commencing at a stake which was not sufficiently shown to be the southwest corner of section 32, which they claimed it to be, would not have warranted the jury in finding for the defendant as against the uncontradicted evidence of Easkoot and Dodge as to the true lines of the surveys, even if the defendant had been allowed to state where the line he and his surveyor were running fell.

We perceive no merit whatever in this appeal, and advise that the judgment and order be affirmed.

VANCLIEF, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.