## MULKEY v. LONG.

### [47 Pac. 949.]

EVIDENCE—PROMISSORY NOTE, WHEN TO BE RECEIVED.—Under section 6030 of the Revised Statutes of Idaho, a party offering in evidence a promissory note showing upon its face that it has been altered, is required, before the same can be received, to show that such alteration was made before it came to his hands.

SAME—PROMISSORY NOTE VOID AS TO SURETY, WHEN.—A promissory note altered in a material particular is rendered void as to one who signs it as a surety merely, where such alteration was made without the knowledge or consent of such surety, and a mere verbal promise without consideration will not maintain an action against such surety for the amount of such note.

(Syllabus by the court.)

APPEAL from District Court, Lemhi County.

Quarles & Quarles, for Appellant.

The note sued on shows on its face that it had been altered in a material part, and the same was inadmissible under section 6030 of the Revised Statutes of Idaho, and its admission in evidence was error. The evidence shows that the appellant Long learned that the name of the payee had been changed, but as there is no evidence showing that he did, after learning of such alteration, promise in writing to pay the same, the evidence showing, or tending to show, such promise, if made, was not admissible. The alteration without his knowledge and consent made the note that he had signed absolutely void; it was a forgery; it was not the note he signed; it was not the

promise that he made. (*Wood v. Steele*, 6 Wall. 8.) An oral promise to pay the debt of another is void, and such promise if made by the appellant in this case is void for the further reason that it was without consideration. (*Clay v. Walton*, 9 Cal. 329; *Warren v. Fant*, 79 Ky. 1, and cases cited; *Ellison v. Water Co.*, 12 Cal. 543; *Doyle v. White*, 26 Me. 341, 45 Am. Dec. 110; *Taylor v. Drake*, 4 Strob. 431, 53 Am. Dec. 680.) The surety has a right to stand on the precise terms of his contract. (*Agawam Bank v. Sears*, 4 Gray (Mass.), 95; *Angle v. Northwestern etc. Ins. Co.*, 92 U. S. 330; *Martin v. Thomas*, 24 How. 315; *Reese v. United States*, 9 Wall. 13.)

F. J. Cowen and Reeves & Terrell, for Respondent.

The right of the respondent to recover in this action is based on the ratification, by the appellant, of the note sued on, after he learned of the alterations in the note. Whether there is a ratification is a question for the jury, but the jury find as a matter of fact that appellant did ratify the note after two alterations were made in it. The ratification of the alteration by the parties to the altered instrument will restore it as altered, without a new consideration. (1 Am. & Eng. Ency. of Law, 521, and cases there cited.) Such alteration may be by parol. (*Stewart v. First Nat. Bank*, 40 Mich. 348; *Hill v. Scales*, 7 Yerg. (Tenn.) 410; 2 Edwards on Bills and Notes, sec. 261; *Humphreys v. Guillow*, 13 N. H. 385, 38 Am. Dec. 499; *Goodspead v. Cutler*, 75 Ill. 534; 2 Daniel on Negotiable Instruments, sec. 1352a.) The appellant contends that he was only a surety for his codefendant Miller, but he signed the note as a principal, and after his ratification of the alterations he cannot be heard to complain that he was only a surety. (*Farmers' Nat. Bank v. Stover*, 60 Cal. 387; *Harlan v. Ely*, 55 Cal. 340.)

HUSTON, J.—This action is brought upon a promissory note executed by defendant and one Joseph B. Miller, of the following form:

"$395. Salmon City, July 10th, 1893.

"On or before one year after date, without grace, for value received, we, or either of us, promise to pay William Mulkey

or order three hundred· and ninety-five dollars, with interest from date until paid, at the rate of one per cent per month; and if suit be instituted for the collection of this note, we agree to pay a reasonable attorney's fee.

　　　　　　　　　(Signed)　"JOS. B. MILLER.
　　　　　　　　　　　　　　"JOHN LONG."

"The record shows that the note was made and delivered at the request and for the benefit solely of Jos. B. Miller; that the defendant never received any benefit therefrom; moreover, that as originally made, the note was for the sum of $375, and was payable to Davis Brothers; that the alterations were made without the knowledge or consent of the defendant. But it is contended upon the part of the plaintiff that, after a knowledge of the alterations in the note came to the defendant, he promised and agreed to pay the same. The case was tried to a jury, to whom special findings were submitted, among which was the following, viz.: "Q. 11. Had Long ever promised to pay the note since the date at which he claims to have first discovered the alteration in the note in regard to the change of the amount for which it was given; and if so, to whom has he made such promise; and was such promise ·oral or in writing? A. Yes; to Timothy Dore; orally." Upon this point, which seems to be a crucial one in this case, Timothy Dore testifies as follows, *inter alia:* "It was about the 24th or 25th of March, he [defendant] came to my office and wanted to see the note. I showed the note to him, and he claimed it had been raised twenty dollars. He said the original amount was $375. . . . . But he said he would pay the note. He said he never signed his name to a piece of paper that he did not pay. And two or three days after that he came to me, and wanted me to see Mulkey about the additional twenty dollars, and asked me if Mulkey would not throw off half of it, at least." Defendant does not agree with the witness Dore as to what was said, at the interview referred to. Defendant claims that he did not know of the alteration in the amount of the note until the 27th of March, when the note was first seen by him since he signed it. Dore says that defendant, at the time he showed him the note, remarked that "he did not sign

his name to a piece of paper he did not pay," and Dore states that defendant talked with him about what Mulkey would do; and there seems to have been some talk looking toward an adjustment, by Mulkey's taking a mortgage upon Miller's books, held by the defendant. The jury found that defendant made a promise orally to Timothy Dore to pay the note. Defendant denies this.

The first specification of error is in permitting the introduction in evidence of the note sued on; it appearing upon the face of the note that the same had been altered in material particulars, to wit, the name of the payee had been changed, and the amount changed. Appellant contends that under the provisions of section 6030 of the Revised Statutes of Idaho, said note was not admissible in evidence. In the complaint no reference is made to any alteration in the note. Section 6030 of the Revised Statutes is as follows: "The party producing a writing as genuine which has been altered, or appears to have been altered after its execution in a part material to the question in dispute, must account for the appearance or alteration. He may show that the alteration was made by another without his concurrence, or was made with the consent of the parties affected by it, or otherwise properly or innocently made, or that the alteration did not change the meaning or language of the instrument. If he do that he may give the writing in evidence, but not otherwise." This section of our statutes was adopted literally from the statutes of California, and the construction thereof by the supreme court of California should be recognized by us. In the case of *Sedgwick v. Sedgwick,* 56 Cal. 213, the court held that as it did not appear upon the face of the note that the alteration had been made after the execution of the note, and that the evidence did not establish such fact, it was not error to allow the note to be read in evidence. The conclusion, it seems to us, from all the decisions, is simply this: The party presenting an instrument which, upon its face, shows that it has been altered, is required to explain such alteration, or at least show that it has not been altered since it came to his hands. The parties who made or executed the instrument may have made or assented to the alteration before its execution, and yet the holder be entirely unable to prove that fact.

We think, therefore, that the exigency of the statute is complied with when the party presenting the instrument in evidence has shown that there has been no alteration therein since it came to his hands. (*Galland v. Jackman*, 26 Cal. 85, 85 Am. Dec. 172; *Sedgwick v. Sedgwick*, 56 Cal. 213.) It is clear from the record that the alterations in the note in this case were made by Miller, and without the knowledge or consent of the defendant. It is also admitted that the money advanced by plaintiff was paid directly to Miller; that defendant was a mere accommodation maker or surety. The jury found that the defendant, on or about the twenty-seventh day of March, 1895 (the note was due July 10, 1894), promised one Dore, who held the note for collection, that he would pay it, and that this was after defendant had knowledge of the alterations in the note; and it is claimed by plaintiff that such promise by defendant amounted to a ratification of the note, to the extent of establishing the liability of defendant thereon. To maintain this contention, respondent cites 1 Am. & Eng. Ency. of Law, 521, and cases there cited. An examination of the text, as well as of the cases cited, will show that what is quoted in the brief applies to the case of a maker of the note, and not to a mere surety. Under the same head, on page 522, note 1, we find the following: "Even where the maker, after noticing the alteration, offered to give another note, at sixty days, in place of it, the court did not regard this as a ratification of the alteration. (*Kilkelly v. Martin*, 34 Wis. 525.)" In that case, as in the case at bar, the note, as to the defendant, had, by reason of the alterations therein, become void, and was no longer his contract—was no longer enforceable against him as an obligation of his making. Any promise or agreement thereafter made by him to pay the debt for which the note was given, unless the same was in writing and predicated upon a valuable consideration, could not be enforced. (*Warrent v. Fant's Trustee*, 79 Ky. 1; *Wood v. Steele*, 6 Wall. 80; *Greenfield Sav. Bank v. Stowell*, 123 Mass. 196, 27 Am. Rep. 67; *Knoxville Nat. Bank v. Clark*, 51 Iowa, 264, 1 N. W. 491.) We think the error of the district court, as well as of counsel, lies in not drawing the distinction between the maker of a note and one occupying the position of a mere surety, as an accommodation

maker; and this distinction is, we think, clear upon both prin-
ciple and authority. The judgment of the district court is
reversed, and the cause remanded, with directions to enter judg-
ment for defendant with costs.

Quarles, J., did not sit in this case, having been of counsel.

Sullivan, C. J., concurs.

#### ON REHEARING.

#### (February 26, 1897.)

HUSTON, J.—We have examined this petition, and find no
reason to change the conclusion of the court. The petitioner
has spent much time and space in the elaboration and dis-
cussion of questions not involved in the decision of this case.
We do not feel called upon to reiterate what we have, we
think, already made sufficiently clear. The petition is denied.

Sullivan, C. J., concurs.