(December 9, 1911.)

## BERT WINTER, Respondent, v. CHARLES HUTCHINS et al., Appellants.

[119 Pac. 883.]

ADMISSIBILITY OF EVIDENCE—WEIGHT OF EVIDENCE—QUESTION OF FACT.

(Syllabus by the court.)

1. Where the issue to be determined is the good faith of the holder of a negotiable promissory note who claims to have purchased the same for a valuable consideration before maturity and without notice of any defense existing between the makers and payee, and the holder of such note testifies that he paid a specified sum for the note, it is competent for him to introduce in corroboration of such testimony the canceled check which he claims to have given in payment for such note.

2. The question as to the good faith of the purchaser of a negotiable promissory note, who claims to have purchased the same in due course before maturity and for a valuable consideration, is a question of fact to be determined by the jury in the light of all the facts and circumstances bearing upon the transaction.

3. Evidence examined and *held* sufficient to warrant the jury in returning a verdict in favor of the plaintiff.

APPEAL from the District Court of the Eighth Judicial District for the County of Bonner. Hon. Robert N. Dunn, Judge.

Action on a promissory note. Judgment for plaintiff and defendants appeal. *Affirmed.*

E. W. Wheelan, for Appellants.

The note is not admissible in evidence without proof of the indorsement when objection is made to the introduction of the instrument by the defendant. (*Grogan v. Ruckle,* 1 Cal. 158; *Youngs v. Bell,* 4 Cal. 201; *Pinkham & McDonough v. McFarland & Elrod,* 5 Cal. 137; *Poorman v. Mills & Co.,* 35 Cal. 118, 95 Am. Dec. 90.)

One taking a negotiable instrument by assignment takes it subject to all the equities existing between the payee and the maker. (*Craig v. Palo Alto Stock Farm,* 16 Ida. 701, 102 Pac. 393.)

The negotiable instrument law changes the rule formerly applied to commercial paper, and when the defendant denies that the holder of the note is a holder in due course, the burden is upon the holder to establish by the testimony that he is a holder in due course. In this regard there is a fatal lack of testimony to establish "that he took it in good faith and for value." (*Hodge v. Smith,* 130 Wis. 326, 110 N. W. 192; *Aukland v. Arnold,* 131 Wis. 64, 111 N. W. 212; *Swanke v. Herdeman,* 138 Wis. 654, 120 N. W. 414; *McNight v. Parsons,* 136 Iowa, 390, 125 Am. St. 265, 113 N. W. 858, 22 L. R. A., N. S., 718, 15 Ann. Cas. 665; *Cox v. Cline,* 139 Iowa, 128, 117 N. W. 48; *City Nat. Bank v. Jordan,* 139 Iowa, 499, 117 N. W. 758; *Cedar Rapids Nat. Bank v. Myhre Bros.,* 57 Wash. 596, 107 Pac. 518; *Union Nat. Bank v. Winsor,* 101 Minn. 470, 118 Am. St. 641, 112 N. W. 999, 11 Ann. Cas. 204; *Smith v. Lockwood,* 80 Wis. 491, 50 N. W. 401.)

Myrvin Davis, for Respondent.

"The question of the good faith of the purchaser of the note was one of fact instead of law, and the jury had the right to determine it in the light of all the facts and circumstances presented in the case." (*Winter v. Nobs,* 19 Ida. 18, 112 Pac. 525.)

"The burden was upon the plaintiff in this case to show that it was a holder in good faith, and the question of whether or not that burden was successfully met was one which was submitted to the jury, and, by its verdict, it has decided that question against the appellant." (*Cedar Rapids Nat. Bank v. Myhre Bros.,* 57 Wash. 596, 107 Pac. 518.)

AILSHIE, J.—This action was prosecuted by the indorsee of a promissory note. The defendants admitted the execution of the note but denied the delivery of the note and al-

leged fraud in procuring the execution thereof and charged that the plaintiff had notice of these defenses before purchasing the note. A verdict was returned by the jury in favor of the plaintiff and judgment was thereupon entered. Defendant moved for a new trial and appealed from the judgment and an order denying his motion.

The only question arising on this appeal is as to the admissibility of certain evidence and the sufficiency of the evidence in its entirety to support the verdict. It is first claimed that the evidence is insufficient to show that any consideration was paid by the respondent for this note. The respondent, who was the plaintiff in the lower court, testified as follows: "I am acquainted with T. D. McLaughlin of McLaughlin Bros. On February 8, 1908, I purchased from them the note of George W. Walker and others, with other notes. Exhibit A is the note I refer to. I paid $750 for this note. Exhibit C is my check for $750, payable to McLaughlin Bros. and drawn upon the National Bank of Commerce in Minneapolis, Minn., given in payment of the George W. Walker note." The check referred to as Exhibit C is a check drawn by the respondent on the National Bank of Commerce, Minneapolis, in favor of McLaughlin Bros. for $750. It is stamped "Paid" in perforated letters. It is also stamped on the face thereof with a rubber stamp "Paid February 8, 1908," which is two days after the date on which it appears to have been drawn.

T. D. McLaughlin testified that his firm sold this note to respondent and that they received the check, Exhibit C, in payment for the note, and that he thereupon deposited the check in the National German-American Bank on February 7, 1908, which was the following day after it was drawn, and received credit for the same. This evidence is not contradicted, but it is claimed that it is not sufficient to support the verdict. We cannot agree with the appellants' contention in this respect. Respondent had testified unequivocally to paying $750 for the note. The canceled check, to the admission in evidence of which appellants objected, was evidently introduced as mere corroboration of the testimony of the wit-

ness, showing the manner in which the payment was made and the channel through which the money passed. It was clearly admissible for that purpose. If the appellants had any question about the correctness of this evidence, they could have traced the matter through these banks and ascertained if the evidence given was in any particular incorrect. Respondent also testified that he had no knowledge or information whatever as to any defect in the title or any fraud practiced in procuring the note or any defenses existing between the makers and the payees.

We may say with reference to the proofs made in this case, as we said in the case of *Winter v. Nobs,* 19 Ida. 18, 112 Pac. 525; that "whatever the circumstances may have been, it still remains true that the question of the good faith of the purchaser of the note was one of fact instead of law, and the jury had the right to determine it in the light of all the facts and circumstances presented in the case." The jury having passed upon the facts and found in favor of the respondent, and there being evidence on all the material issues which tended to support the respondent's position and theory of the case, we would not be justified in disturbing the verdict.

We have recently and at the present term of this court had occasion to express the view of the court on the questions presented in this case in the following cases: *Park v. Johnson, ante,* p. 548, 119 Pac. 52; *Park v. Brandt, ante,* p. 660, 119 Pac. 877; and *Vaughn v. Johnson, ante,* p. 669, 119 Pac. 879.

The judgment must be affirmed, and it is so ordered. Costs awarded in favor of respondent.

Stewart, C. J., and Sullivan, J., concur.