Points Decided.

(October 17, 1924.)

# GENERAL MOTORS ACCEPTANCE CORPORATION, a Corporation, Respondent, v. GEORGE W. TALBOTT, Appellant, and W. O. JOHNSON, Doing Business Under the Name of CHANGNON & Co., Defendant.

[230 Pac. 30.]

PROMISSORY NOTE—MATERIAL ALTERATIONS—CHANGE IN DATE—AMOUNT AND TIME OF PAYMENT—HOLDER IN DUE COURSE—QUESTION FOR JURY.

1. Under the provisions of C. S., sec. 5992, an alteration which changes the date, the sum payable or the time of payment or any other change or addition which alters the effect of the instrument in any respect is a material alteration.

2. If, in a promissory note providing for payment in instalments, any instalment is overdue at the time it is transferred, the purchaser takes the whole note as overdue paper and is not a holder in due course.

3. Where, upon the face of a promissory note, it is apparent from an examination thereof that material alterations have been made in the date, the result of which was to change the time of payment and that an erasure and change has been made in the amount, and where testimony is introduced by the maker of the note to the effect that the date has been changed; that he neither authorized the change nor had knowledge of the same, and such testimony is not contradicted, denied or explained by the holder of the note, the question as to whether the note was regular and complete upon its face when transferred, whether it was transferred before maturity and whether it was purchased in good faith so as to make the purchaser a holder in due course, were questions of fact properly determinable by the jury.

4. *Held*, under the facts of this case, that the court erred in directing the jury to return a verdict in favor of respondent.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

Publisher's Note.

1. Material alterations of negotiable instruments, see notes in Ann. Cas. 1913C, 183 (name of payee); Ann. Cas. 1913D, 725 (date).

Action upon promissory note. Judgment for plaintiff. *Reversed and remanded for new trial.*

Arthur W. Holden and Solon Orr, for Appellant.

The note in suit showed an alteration on its face which changed the time of payment. It was improperly admitted in evidence, without any explanation of this alteration and without any showing that it was so altered before it came into respondent's hands. (C. S., sec. 7980; *Mulkey v. Long,* 5 Ida. 213, 47 Pac. 949.)

The alteration of the note, by changing its date, was a material alteration. (C. S., sec. 5992, subd. 1.)

A material alteration appearing upon the face of the note itself, the respondent is not a holder in due course. (C. S., sec. 5919, subd. 1; *Elias v. Whitney,* 50 Misc. 326, 98 N. Y. Supp. 667; *Holbart v. Lauritson,* 34 S. D. 267, 148 N. W. 19, L. R. A. 1915A, 166.)

Respondent being not a holder in due course, the alteration changing the date voided the note. (C. S., sec. 5991; *Elias v. Whitney, supra.*)

Undisputed evidence having been received that showed material alteration which avoided the note, besides other alterations, and the respondent being not a holder in due course, there were a number of questions to go to the jury, and the trial court ought not to have directed a verdict for respondent. (*Palcher v. Oregon Short Line Ry. Co.,* 31 Ida. 93, 169 Pac. 298; *McAlinden v. St. Maries Hospital Assn.,* 28 Ida. 657, Ann. Cas. 1918A, 380, 156 Pac. 115; *Keane v. Pittsburg Lead Min. Co.,* 17 Ida. 179, 105 Pac. 60.) .

H. J. Swanson, for Respondent.

The respondent is a holder in due course. (1 Daniel, Negotiable Instruments, sec. 812; C. S., secs. 5919, 5923, 5991; *Winter v. Nobs,* 19 Ida. 18, Ann. Cas. 1912C, 302, 112 Pac. 525; *Park v. Johnson,* 20 Ida. 548, 119 Pac. 52; *Park v. Brandt,* 20 Ida. 660, 119 Pac. 877; *Vaughn v. Johnson,* 20 Ida. 669, 119 Pac. 879, 37 L. R. A., N. S., 816; 2 Daniels Negotiable Instruments, 1419; *Paramore v. Lindsey,* 63 Mo.

63; *Wilson v. Harris*, 35 Iowa, 507; *Voris v. Anderson*, 65
Okl. 270, 153 Pac. 291, 166 Pac. 213; *National Bank of St.
Joseph v. Dakin*, 54 Kan. 656, 45 Am. St. 299, 39 Pac. 180;
*Bledsoe v. City National Bank of Selma*, 7 Ala. App. 195,
60 So. 942; *Tower v. Stanley*, 220 Mass. 429, 107 N. E. 1010;
*Ensign v. Fogg*, 177 Mich. 317, 143 N. W. 82; *Public Bank
of New York City v. Knox-Burchard Merc. Co.*, 135 Minn.
171, 160 N. W. 667; *Redfield State Bank v. Myrick*, 108
Kan. 191, 194 Pac. 648.)

Defect of title of prior parties among themselves, or de-
fenses available to prior parties among themselves, were not
available against respondent. (C. S., sec. 5924.) Nor the
fact of a material alteration to which respondent was not a
party. (C. S., sec. 5991.)

BUDGE, J.—This action was brought to recover upon a
promissory note. The complaint alleges that the note in
question, a purported copy of which appears in the com-
plaint, was made and executed by appellant on February 14,
1921, and delivered to defendant, W. O. Johnson, doing
business under the name Changnon & Company. The prin-
cipal amount of the note was $1,080, which was payable in
twelve equal monthly instalments of $90 each, the first in-
stalment being due and payable "one month after date."
It is next alleged that "before the due date of the first
payment of said note" Changnon & Company indorsed said
note to plaintiff, in due course of business and for value,
and that no part of the note had been paid except the first
two instalments. To the complaint a demurrer was filed
but was overruled by the court. Appellant thereupon an-
swered, denying specifically each and every material allega-
tion of respondent's complaint and alleging that on December
7, 1920, he executed a note similar to the one set forth in
the complaint, and, as a part of the same transaction en-
tered into a conditional sale contract with Changnon &
Company for the purchase of a Viele automobile; that on
December 7, 1920, Changnon & Company did not own said
Viele automobile nor any interest therein; that the promis-

sory note and conditional sale contract were both tentatively and conditionally signed in connection with a proposed transaction in which Changnon & Company were to deliver to appellant a new Oldsmobile sedan and upon its delivery the Viele automobile was to be transferred to Changnon & Company, at which time the note and contract were to be delivered to that company; that the Oldsmobile sedan was never delivered, the proposed transaction was never consummated and appellant received no consideration for the conditional sale contract and promissory note; that the promissory note and conditional sale contract were delivered to Changnon & Company for the sole purpose, and no other, of submitting the same to an agent of respondent for approval, but that the instruments were never returned, although numerous demands were made for them. Respondent further alleges that the note was materially altered by changing its date from December 7, 1920, to February 14, 1921, thereby changing the time of payment of the instalments of the note. Defendant W. O. Johnson made no appearance. The cause was tried to the court and a jury. Both sides having introduced proof and rested, a motion for directed verdict was made by respondent, which was sustained. Verdict and judgment in accordance with the prayer of the complaint was thereupon entered, from which judgment this appeal is taken.

Numerous assignments of error are made in appellant's brief and relied upon for reversal of the judgment. We deem it unnecessary to discuss each one separately. It is contended that the court erred in admitting in evidence the note sued upon, Exhibit "A." This objection is based upon C. S., secs. 5991 and 7980, which read respectively as follows:

"Sec. 5991. Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration and subsequent indorsers. But when an instrument has been materially altered and is in the hands of a holder in due course, not a

party to the alteration, he may enforce payment thereof according to its original tenor.''

''Sec. 7980. The party producing a writing as genuine which has been altered, or appears to have been altered, after its execution, in a part material to the question in dispute, must account for the appearance or alteration. He may show that the alteration was made by another without his concurrence, or was made with the consent of the parties affected by it, or otherwise properly or innocently made, or that the alteration did not change the meaning or language of the instrument. If he do that he may give the writing in evidence but not otherwise.''

The last quoted statute (C. S., sec. 7980) was construed by this court in the case of *Mulkey v. Long,* 5 Ida. 213, 216, 47 Pac. 949, where it was said:

''The conclusion, it seems to us, from all the decisions, is simply this: The party presenting an instrument which, upon its face, shows that it has been altered, is required to explain such alteration, or at least show that it' has not been altered since it came to his hands. The parties who made or executed the instrument may have made or assented to the alteration before its execution, and yet the holder be entirely unable to prove that fact. We think, therefore, that the exigency of the statute is complied with when the party presenting the instrument in evidence has shown that there has been no alteration therein since it came into his hands. (*Galland v. Jackman,* 26 Cal. 79, 85, 85 Am. Dec. 172; *Sedgwick v. Sedgwick,* 56 Cal. 213.)''

Testimony was introduced by respondent in this case that when the note was forwarded to it, it was in exactly the same condition as when request was made that it be admitted in evidence, and, in accordance with the rule laid down in *Mulkey v. Long, supra,* the court did not err in permitting it to be introduced in evidence.

Having determined that the note was properly admitted in evidence, we come now to the serious question involved in this case, which is as to whether or not the respondent was a holder in due course. If respondent was a holder in

due course and not a party to the alteration he could en-
force payment thereof according to the original tenor of
the note. If respondent was not a holder in due course,
the instrument would be avoided. (C. S., sec. 5991.)   C. S.,
sec. 5919, provides that:

"A holder in due course is a holder who has taken the
instrument under the following conditions:

"1. That the instrument is complete and regular upon its
face.

"2. That he became the holder of it before it was overdue,
and without notice that it had been previously dishonored,
if such was the fact.

"3. That he took it in good faith and for value.

"4. That at the time it was negotiated to him he had no
notice of any infirmity in the instrument or defect in the
title of the person negotiating it."

An examination of the note admitted in evidence discloses
the fact that the same is not complete and regular upon its
face.   Four irregularities appearing upon its face point to
this conclusion: (1) Attention is first called to the date of
the note, which appears as "February 14, 1921." It is ap-
parent that an erasure and change has been made. The
figures "19" are printed. The figure "2" appears in black
typewriting. The remainder of the date appears in blue
typewriting. All other typewriting on the note has been
done with a black typewriter ribbon. (2) An erasure and
change has been made in the amount of the note and part
of the original typewriting can still be seen. (3) On the
back of the note are six two-cent internal revenue stamps
each of which bear the following cancellation in ink
"12/7/20 GWT." There is also a ten-cent revenue stamp
on the back of the note which bears the following cancela-
tion "2/7/21" and initials which are not legible, the ink
used in canceling the ten-cent stamp being different from
that used in canceling the two-cent stamps. A comparison
of the initials upon the two-cent stamps with the signature
shows a similarity that would indicate that all were written
by the same person. It is to be noted that the dates on

which the stamps were canceled, to wit, "12/7/20" and "2/7/21," are prior to the date upon which the note was executed, as it now appears, to wit, "February 14, 1921." (4) Over the date and amount of the note are written the initials "GWT." A comparison of this writing with the signature on the note would indicate that they were not written by the same person, and a comparison with the initials "GWT" by which the two-cent stamps were canceled fails to disclose the slightest resemblance in handwriting.

Upon the trial appellant testified that the note when he signed it, bore the date of December 7, 1920, and that it was not changed by him; that he did not change the amount; that he did not write the initials "GWT" over the date and the amount; that he did not authorize the changes made on the note and that the same were made without his consent or knowledge; that he canceled the two-cent stamps on the back of the note on December 7, 1920, and that the initials thereon were in his handwriting. No evidence was offered by respondent to contradict or deny this testimony or to explain or overcome the irregularities appearing upon the face of the instrument. C. S., sec. 5992, provides, *inter alia* that:

"Any alteration which changes:

"1. The date.

"2. The sum payable, either for principal or interest,

"3. The time . . . . of payment . . . . or any other change or addition which alters the effect of the instrument in any respect, is a material alteration."

There is sufficient competent evidence to show that a change was made in the date. The change in the date altered the time of payment. If the note was dated February 14, 1921, the first instalment, being due "one month after date," would become due March 14, 1921. If the note was dated December 7, 1920, the first instalment would become due January 7, 1921, in which event the respondent did not purchase the note before maturity and it was not a holder in due course, for the reason that the only testimony was to

the effect that respondent purchased the note on or about
February 14, 1921. The rule would seem to be that if an
instalment of a note is overdue at the time it is transferred,
the purchaser takes the whole note as overdue paper and
is not a holder in due course. (*Hall v. E. W. Wells & Son*,
24 Cal. App. 238, 141 Pac. 53; 1 Daniels, Negotiable Instru-
ments, sec. 787; 8 C. J. 410, sec. 606.) In the case of *Mc-
Corkle v. Miller*, 64 Mo. App. 153, 156, it is said:

"The reason of the rule is that, where one or more of the
instalments remain due, the presumption arises that there
is some valid reason for the failure or refusal to pay, which,
if established, would likely go to the defeat of the entire
debt, and thus all subsequent purchasers or holders of the
discredited paper are put on inquiry."

To the same effect see *Field v. Tibbetts*, 57 Me. 358, 99
Am. Dec. 779; *Norwood v. Leeves* (Tex. Civ.), 115 S. W. 53;
*Vinton v. King*, 4 Allen (Mass.), 562.

Where the evidence is conflicting, or different inferences
may be drawn therefrom, the question whether plaintiff is a
holder in due course is one for the jury, provided the evi-
dence is sufficient to warrant the submission of the question
to the jury. (8 C. J. 1061, sec. 1376, and cases cited;
*Winter v. Hutchins*, 20 Ida. 749, 119 Pac. 883.) One of the
issues raised by the pleadings in this case was whether or
not there were material alterations made upon the face of
the note and when and by whom these alterations were made.
That there were alterations made is apparent. Whether
these alterations were made by the maker or with his consent
before the note was purchased by respondent or thereafter
and whether respondent had notice of these alterations or
infirmities in the instrument itself, which was direct knowledge
or knowledge of such facts that would put it upon inquiry, or
whether the action of the respondent in purchasing the note
was in good or bad faith were all questions that should have
been properly submitted to the jury under proper instruc-
tions.

It therefore follows that the court erred in directing a
verdict for respondent, which being true, judgment of the

lower court must be reversed and the cause remanded for a new trial. Costs are awarded to appellant.

McCarthy, C. J., and William A. Lee and Wm. E. Lee, JJ., concur.