NATHANIEL WADE *vs.* JOHN A. WITHINGTON.

The fraudulent alteration of a promissory note, by the insertion of words which make it appear to be for a greater sum than that for which it was originally given, avoids the note in the hands of a *bona fide* indorsee for a valuable consideration, although the alteration could not be detected on a careful scrutiny.

CONTRACT by the indorsee against the maker of a promissory note for one hundred and forty dollars. The answer denied the making of the note, and averred that it had been fraudulently altered, after it was signed, by the addition of the words " and forty," so as to make it appear to be a note for one hundred and forty dollars, instead of for one hundred dollars.

At the trial in the superior court, after the signature to the note was proved and admitted, the defendant was called as a witness, and offered to testify to the alteration set up in the answer. To this the plaintiff objected that it was apparent on inspection of the note that the alteration could not be detected by the most careful scrutiny, and that therefore this defence was not open against a *bona fide* indorsee for a valuable consideration. But *Lord*, J., without deciding whether the alteration could or could not be detected by careful scrutiny, allowed evidence to be introduced to show that the note had been altered as alleged.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*J. S. Keyes*, for the plaintiff.

*G. A. Somerby*, for the defendant.

BIGELOW, C. J. The only point on which the plaintiff now insists in support of his exceptions is, that the judge omitted to instruct the jury, that if the alteration in the note was such that it could not be detected on a careful scrutiny, it would not be a defence against the note in the hands of the plaintiff, who was an indorsee for a valuable consideration. But we do not understand such to be the rule of law. On the contrary, the well settled doctrine is, that a material alteration in a bill or note, after its execution and delivery to the payee, or after its indorsement, vitiates the instrument except as against parties consenting to the alteration. *Master* v. *Miller*, 4 T. R. 320. *S. C.*, 2 H. Bl. 140. Chit. on Bills, (8th ed.) 204. *Davis* v. *Jenney*, 1 Met. 221. *Fay* v. *Smith*, *ante*, 477. This doctrine rests on the principle that parties can be held liable only on their contracts as originally made and entered into by them. The identity of the instrument with that which was executed by the defendant is an essential element in every action upon a written contract, from which his assent to its terms may be fairly presumed. If this is changed by a material alteration without the privity of the party liable upon it, it ceases to be his contract. It is a mistake to suppose that any different rule in this particular is applicable to promissory notes and bills of exchange from that which governs deeds and other contracts. The law, in giving peculiar sanction to negotiable paper in order to secure its free circulation and to protect *bona fide* holders for value who receive it before its maturity, does not go to the extent of holding a party liable on a contract into which he never entered, and to which he has not given his assent.

The case of *Young* v. *Grote*, 4 Bing. 253; *S. C.* 12 Moore, 484, on which the plaintiff relies, is very different from the case at bar. There a check was filled up by the agent of the drawer for a certain amount, and afterwards altered by him to a much arger sum before it was passed into circulation, or had become

a binding contract in the hands of a *bona fide* holder. It was held that the banker who paid the check for the larger amount had a right to retain against the drawer the full sum paid by him, because the check was drawn in so improper and careless a manner as to enable an agent of the drawer to practise a fraud on an innocent party. This decision rests on the principle that where one of two innocent parties is to bear a loss, it must fall on him who employed a dishonest agent and carelessly furnished him with the means of committing a fraud. The same principle was recognized by this court in the early case of *Putnam* v. *Sullivan*, 4 Mass. 45, where indorsers were held liable on a promissory note, which they had left in blank with their clerk, and who had permitted the note to be filled up and put in circulation for a purpose different from that for which it was intrusted to his possession. These are cases, where parties have been held liable on a negotiable check and note fraudulently filled up and put in circulation by their agents, to whom they were intrusted with the signatures in blank. But they rest on a very different principle from that applicable to notes and bills which have been fraudulently altered in material particulars by third persons, holding no relation of agency to the parties, and after they have been executed and delivered as binding contracts. In such cases, the parties to the note have a right to say that it was not the contract into which they entered.

*Exceptions overruled.*