## H. C. AAMOTH v. GEO. A. HUNTER.

(157 N. W. 299.)

**Promissory note — suit on — purchaser in due course — before maturity — without notice — defenses — maker — answer of — proof of — non-negotiable — when executed and delivered — materially altered — after delivery.**

1. In a suit on a promissory note by a purchaser in due course before maturity and without notice of any defenses, the maker may answer and thereunder offer proof to establish that when executed and delivered the note was non-negotiable and contained no words of negotiability, but that it had been materially altered by their insertion after delivery and before its purchase; and that this alteration was made by the erasure of a line striking out all words of negotiability.

**Note — payee named — "the order of" — omitted — words of negotiability — similar import — not contained — non-negotiable.**

2. An instrument payable to a person named, omitting "the order of," or words of negotiability of similar import, is non-negotiable under the uniform negotiable instruments act, as declared by § 6893, Comp. Laws 1913.

Opinion filed March 13, 1916.

Appeal from the District Court of Steele County, *Pollock,* J., awarding judgment for plaintiff.

Reversed and new trial granted.

*P. O. Sathre* and *A. V. A. Peterson,* for appellant.

"To constitute notice of an infirmity in the instrument, or defect in the title of the person negotiating same, the person to whom it is negotiated must have had actual knowledge of such infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith." Comp. Laws 1913, § 6358; American Nat. Bank v. Lundy, 21 N. D. 173, 129 N. W. 99; First Nat. Bank v. Flath,

10 N. D. 281, 86 N. W. 867; Bothell v. Schweitzer, 84 Neb. 271, 22 L.R.A.(N.S.) 263, 133 Am. St. Rep. 623, 120 N. W. 1129.

Without words of negotiability, purchasers take the bill or note subject to all defenses which were available between the original parties; and if it was non-negotiable as against the original party, it will not be rendered negotiable by subsequent transfer in negotiable form. 7 Cyc. 608, 609; Comp. Laws 1913, § 6886.

"The instrument is payable to order where it is drawn payable to the order of a specified person, or to him or his order." Rev. Code 1905, § 6310, Comp. Laws 1913, § 6893; Wettlaufer v. Baxter, 137 Ky. 362, 26 L.R.A.(N.S.) 804, 125 S. W. 741; 7 Cyc. 606; Westberg v. Chicago Lumber & Coal Co. 117 Wis. 589, 94 N. W. 572; Mehlberg v. Tisher, 24 Wis. 607; Schierl v. Baumel, 75 Wis. 69, 43 N. W. 724; Gilley v. Harrell, 118 Tenn. 115, 101 S. W. 424; Searles v. Seipp, 6 S. D. 472, 61 N. W. 804.

Where a note is executed and at the same time and as a part of the same transaction an agreement is entered into in writing on a separate paper, but attached to the note, in which the note is specially mentioned, conditioned for the happening of some future event, which, failing to come to pass, would render the note null and void, the whole is one transaction, and the validity of the note depends upon the condition, and is not a negotiable instrument. Comp. Laws 1913, § 6886, subdiv. 2 and 3; 7 Cyc. 628–631; Bothell v. Schweitzer, supra; Palmer v. Largent, 5 Neb. 223, 25 Am. Rep. 479.

The payee named in the note when executed and delivered was thereafter changed. This was a material alteration. Comp. Laws 1913, §§ 5940, 7009, 7010; 2 Cyc. 212.

If the note was originally non-negotiable, the defendant, as a matter of law, had the right to prove this fact. 2 Dan. Neg. Inst. p. 1579; First Nat. Bank v. Laughlin, 4 N. D. 397, 61 N. W. 473; Bruce v. Westcott, 3 Barb. 374; Goodman v. Eastman, 4 N. H. 455; Sentance v. Poole, 3 Car. & P. 1.

*Lee Combs* and *L. S. B. Ritchie,* for respondent.

It is clearly established that plaintiff took the note as an innocent purchaser for value. The defendant was not entitled to prove or attempt to prove the fraudulent character of the transaction out of which

the note grew, without first showing bad faith on the part of plaintiff. American Nat. Bank v. Lundy, 21 N. D. 167, 129 N. W. 99.

"An instrument is payable to order where it is drawn to the order of a specified person, or to him or his order." Compiled Laws 1913, § 6893.

"A certificate of deposit reciting that F. had deposited $3,000 in the defendant company to the credit of himself is negotiable."

Likewise, a note payable to a specified person is negotiable without the words, "order of" or "to order" of "Bearer." Forrest v. Safety Bkg. & T. Co. 174 Fed. 345.

One who signs a note written partly in ink, but containing a material condition qualifying his liability written in pencil, is guilty of gross carelessness. If the writing in pencil is erased so as to leave no trace or indication of alteration, an innocent person taking the note before maturity, for value, will take it discharged of any defense arising from the erasure or from the fact of alteration. Harvey v. Smith, 55 Ill. 224; Seibel v. Vaughan, 69 Ill. 257; Elliott v. Levings, 54 Ill. 213; Cornell v. Nebeker, 58 Ind. 425; Woollen v. Ulrich, 64 Ind. 120; Noll v. Smith, 64 Ind. 511, 31 Am. Rep. 131; Zimmerman v. Rote, 75 Pa. 188; Brown v. Rud, 79 Pa. 370, 21 Am. Rep. 75; Garrard v. Haddan, 67 Pa. 82, 5 Am. Rep. 412; Rainbolt v. Eddy, 11 Am. Rep. 152, and notes, 34 Iowa, 440; Yocum v. Smith, 63 Ill. 321, 14 Am. Rep. 120; Mater v. American Nat. Bank, 8 Colo. App. 325, 46 Pac. 221; Woollen v. Whitacre, 73 Ind. 198; Elliott v. Levings, 54 Ill. 213; Weidman v. Symes, 120 Mich. 657, 77 Am. St. Rep. 603, 79 N. W. 894; National Exch. Bank v. Lester, 194 N. Y. 461, 21 L.R.A. (N.S.) 402, 87 N. E. 779, 16 Ann. Cas. 770; 8 Cyc. 30.

Changing the payee from "Beeson & Foley" to "H. A. Beeson" is not a material alteration, even if made. Arnold v. James, 2 R. I. 345.

Goss, J. Action at law upon a promissory note, alleging its purchase by plaintiff in due course for a valuable consideration and without notice of defenses. The answer admits the genuineness of the signature of defendant upon the note, but by way of defense alleges that when given the same was payable to "Beeson & Foley," and not as the note now appears payable "to the order of H. A. Beeson." "That defendant refused to sign said note until the words, 'the order of,' im-

mediately preceding the name 'Beeson & Foley,' were stricken out, and that before defendant did sign said alleged note the said words 'the order of' were stricken out." "That after the execution and delivery of said alleged note the said H. A. Beeson fraudulently, and to the prejudice of this defendant and without the knowledge and consent of this defendant, materially altered the said alleged note in this,—that he erased the line drawn through the words, 'to the order of,' and struck out the words, '& Foley,' and inserted the initials 'H. A.' before the name 'Beeson;' and that the said Beeson tore off and detached from said alleged note the said agreement in writing (upon which the answer sets forth a defense of failure of consideration) which was attached to and made a part of said alleged note."

Plaintiff proved that he had purchased the note in due course for valuable consideration before maturity. The promissory note is in the usual form, in part: "October 1, 1912, after date without grace I promise to pay to the order of H. A. Beeson $800." In different colored ink from that in which the note was originally written and signed, the initials "H. A." are inserted above and to the left of the word "Beeson," and the words "& Foley" are stricken out. A close inspection of the note shows that the words, "the order of," in front of the printed word "Beeson" (the original printed form of the note running to Beeson & Foley printed therein as payee), had been at some time stricken out by a line, probably in pencil, drawn through them. Upon the introduction of the note in evidence in its present form plaintiff rested. Defendant then attempted to prove the averments of his answer, and that the note when signed and delivered had the words of negotiability, "the order of," stricken out and that the note as delivered ran to Beeson & Foley as payees, and, subsequent to its delivery and evidently before negotiation to plaintiff, had been materially altered by the erasure of the line, striking out the words of negotiability and the words "& Foley" and the interlineation of the initials "H. A." in front of "Beeson." The note is indorsed "H. A. Beeson." Evidence tending to establish failure of consideration was also offered. All proof of non-negotiability, material alteration, and failure of consideration, was excluded and a verdict directed in plaintiff's favor. The memorandum opinion of the court, reciting the reason for such exclusion, shows that the learned trial court, in so doing and in the application of authority, assumed that

the note had *at all times been negotiable,* and that the defenses offered were sought to be interposed as against a bona fide holder of *negotiable* commercial paper purchased before maturity.  The fact of the non-negotiability of the note as executed and delivered apparently was wholly overlooked, or else § 6893, Comp. Laws 1913 (§ 27 of the original uniform negotiable instruments act), was misconstrued to hold that a negotiable instrument is payable to order when payable to an individual named and without words of negotiability.  Section 6893 reads:  "The instrument is payable to order where it is drawn payable to the order of a specified person or to him or his order."  The trial court may have agreed with the contention of respondent's counsel that this provision should be construed as payable to order when "it is drawn payable to the order of a specified person or to him."  The proper construction and interpretation of this provision of the uniform negotiable instruments law is that the instrument is payable to order where it is drawn payable (1) to the order of a specified person, or (2) *to him or his order.*  The provision cannot be read as though a comma had been inserted after the word "him," or that the last three words, "or his order," did not supplement the preceding words, "to him."  In commenting on this statute Crawford's annotated negotiable instruments law, under § 27, has the following:  "By the rules of the law merchant an instrument payable to a specified person without the addition of the word 'order' or other word of similar import was not negotiable.  .  .  .   The English bills of exchange act provides that 'a bill is payable to order which is expressed to be so payable or which is expressed to be payable to a particular person, and does not contain words prohibiting transfer, or indicating an intention that it should not be transferred.'  But this change in the law was not deemed advantageous, and was not adopted," in the uniform negotiable instruments act.  "A note not containing the words to order or bearer or their equivalent is not negotiable under the provisions of the negotiable instruments law," meaning the uniform negotiable instruments law.  Wettlaufer v. Baxter, 137 Ky. 362, 26 L.R.A.(N.S.) 804, 125 S. W. 741, passing upon the identical language of § 6893, Comp. Laws 1913, and kindred sections.  To the same effect, see Zander v. New York Security & T. Co. 39 Misc. 98, 78 N. Y. Supp. 900.  "An instrument to be negotiable 'must be payable to order or to bearer,' and in this respect

[the negotiable instruments law] is merely declaratory of the law of negotiable paper as it existed before the passage of the statute." Re-averred again in the syllabus of Fulton v. Varney, 117 App. Div. 572, 102 N. Y. Supp. 608. See also Johnson v. Lassiter, 155 N. C. 47, 71 S. E. 23, quoting and following the leading case of Wettlaufer v. Baxter, supra. The defense offered was in substance proof establishing that the purported negotiable instrument was non-negotiable when delivered. "And if it was originally non-negotiable as against the original parties it will not be rendered negotiable by subsequent transfer in negotiable form." Wettlaufer v. Baxter, 26 L.R.A.(N.S.) at page 806, citing authority. Dan. Neg. Inst. § 105; Gilley v. Harrell, 118 Tenn. 115, 101 S. W. 424. And if the instrument under the proof offered was non-negotiable when delivered, it remained so as between the payor and an indorsee. The trial court was in error in applying other portions of the negotiable instruments act governing the rights of parties, had the instrument in the first instance been negotiable. Consequently, decisions such as American Nat. Bank v. Lundy, 21 N. D. 167, 129 N. W. 99, are inapplicable. "Where the effect of such addition [the words 'or order' or 'bearer'] is to impart negotiability to an instrument not designed to be negotiable, it is a most material alteration in the nature of the contract, and the bill or note is thereby avoided." Daniel on Negotiable Instruments, 6th ed. § 1395, citing much authority, among which is First Nat. Bank v. Laughlin, 4 N. D. 391, 61 N. W. 473. It is elementary that a non-negotiable instrument is subject to all defenses in the hands of an assignee that could have been interposed by the party bound as against the original payee. Hence it was error to exclude the defenses offered. The judgment appealed from is reversed and a new trial granted.