(July 9, 1925.)

GENERAL MOTORS ACCEPTANCE CORPORATION, a Corporation, Appellant, v. GEORGE GARRARD, W. G. BENNETT and BALLAINE MOTOR COMPANY et al., Respondents.

[238 Pac. 524.]

NEGOTIABLE INSTRUMENT—HOLDER IN DUE COURSE—MATERIAL ALTERA-
TION—WHEN IT AVOIDS THE INSTRUMENT.

1.   Where a conditional sale contract includes an agreement in form a negotiable promissory note, as a part thereof, in such manner that it may be readily detached from the remainder of the agreement and thereby made to appear, in form, a negotiable note, such detachment from the conditional sale agreement renders it non-negotiable in the hands of an indorsee who is not a holder in due course.

2.   Detaching from a conditional sale contract a note negotiable in form, incorporated therein as a part of such contract, is such an alteration of the instrument as will avoid any of its detached parts in the hands of the payee, and a purchaser who takes with notice of such alteration, or knowledge sufficient to put him on inquiry, is not a holder in due course and the instrument is subject to all defenses and equities in favor of the maker that it would be if it were in the hands of the original payee.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robert M. Terrell, Judge.

Action on a promissory note. Judgment for defendants. *Affirmed.*

H. J. Swanson, for Appellant.

The note sued on, being Plaintiff's Exhibit "A," is a negotiable instrument. (C. S., secs. 5868, 5869, 5870, 5871,

Publisher's Note.

1.   Effect of detaching contract or memorandum attached to promissory note, see notes in Ann. Cas. 1917E, 603; 34 A. L. R. 532.

2.   Alteration of bill or note after execution, see note in 7 Am. Rep. 669.

5872, 5875; *Hutson v. Rankin,* 36 Ida. 169, 213 Pac. 345; 1 Daniel, Neg. Inst., 6th ed., sec. 51A; 8 C. J., sec. 216e, p. 124; *Continental Guaranty Corp. v. People's Bus Line, Inc.* (Del.), 117 Atl. 275; *Zollman v. Jackson Trust & Savings Bank,* 238 Ill. 290, 87 N. E. 297, 32 L. R. A., N. S., 858; *Sherman Bank v. Apperson,* 4 Fed. 25; *Siegel v. Chicago Trust & Savings Bank,* 131 Ill. 569, 19 Am. St. 51, 23 N. E. 417, 7 L. R. A. 537; *Jennings v. Todd,* 118 Mo. 296, 40 Am. St. 373, 24 S. W. 148; *Miller v. Ottoway,* 81 Mich. 196, 21 Am. St. 513, 45 N. W. 665, 8 L. R. A. 428.)

The appellant is a holder in due course.   (1 Daniel, Neg. Inst., sec. 812; C. S., secs. 5919, 5926; *Winter v. Nobs,* 19 Ida. 18, Ann. Cas. 1912C, 302, 112 Pac. 525; *Park v. Johnson,* 20 Ida. 548, 119 Pac. 52; *Park v. Brandt,* 20 Ida. 660, 119 Pac. 877; *Vaughn v. Johnson,* 20 Ida. 669, 119 Pac. 879, 37 L. R. A., N. S., 816.)

W. H. Anderson and C. M. Jeffery, for Respondent.

A note which on its face is subject to the terms of a contract between maker and payee is not negotiable. (*Klots Throwing Co. v. Manufacturers Commercial Co.,* 179 Fed. 813, 103 C. C. A. 305, 30 L. R. A., N. S., 40; *Continental Bank & Trust Co. v. Times Pub. Co.,* 142 La. 209, 76 So. 612, L. R. A. 1918B, 632; *Robertson v. Kocktitsky* (Mo. App.), 217 S. W. 543; *National Bank v. Wentworth,* 218 Mass. 30, 105 N. E. 626; *Bank & Trust Co. v. Times Pub. Co.,* 142 La. 209, 76 So. 612, L. R. A. 1918B, 632; *International Finance Corp. v. Calvert Drug Co.,* 144 Md. 303, 124 Atl. 891, 33 A. L. R. 1162.)

The negotiability of a note will be taken away by provisions which affect the certainties requisite to negotiable paper, contained in a contemporaneous paper or mortgage to which the note refers. (*Brooke v. Struthers,* 110 Mich. 562, 68 N. W. 272, 35 L. R. A. 536.)

WILLIAM A. LEE, C. J.—Respondents, Garrard and Bennett, executed a conditional sale contract for the purchase of an automobile, which had attached thereto, and as a part of such sale contract, the note sued on in this action.

Thereafter, this note was detached from the part containing sale agreement and was indorsed to appellant, who brings this action to recover thereon, claiming that the instrument is a negotiable promissory note and that it is a holder in due course.

Respondents contend that the two parts of this agreement should be considered together, and when so considered, it is non-negotiable and subject to any defenses that might be urged against the original payee. The evidence shows that the title to the automobile, for which this conditional sale contract was given, was at the time of the purchase, in one George Horst, who was the owner; that the Ballaine Motor Company, the payee in said note, was not the owner; and that Horst subsequently, by judicial proceedings, established his right to the possession and ownership of said automobile. The consideration for their giving of this conditional sale agreement wholly failed.

At the close of the testimony, the court directed a verdict for the defendants Garrard and Bennett upon the ground that the note sued upon was a non-negotiable instrument and that the indorsement of the Ballaine Motor Company transferred the note to appellant subject to all defenses in favor of the makers of the note as against the vendee, Ballaine Motor Company, to whom they had given this title retaining note in payment for the automobile.

From this judgment upon a directed verdict, this appeal is taken.

Numerous errors are assigned but in view of the conclusions reached,—that the note upon which this action is founded is not a negotiable instrument; that appellant is not a holder in due course, and the consideration for which the said conditional sale contract was given is shown to have failed,—it is only necessary to consider the assignments relating to these questions.

It is apparent from an inspection of the note sued on that it has been a part of and detached from some other contract. It contains the initial characters, "G. M. A. C. Form

No. 101–B." These are the same as the initial characters on the sale agreement· except one is "A" and the other is "B." The instrument sued on recites: "This note covers deferred instalments under a conditional sale contract made this day between the payee and maker hereof." An inspection of the two agreements shows that they have been parts of the same instrument and originally constituted a single agreement, perforated and printed in such a manner that the note part could be torn from the title retaining portion of the conditional sale contract and when so detached, upon its face, be in form a promissory note.

In *Stevens v. Venema*, 202 Mich. 232, 168 N. W. 531, L. R. A. 1918F, 1145, the court had occasion to consider a case which arose under similar conditions, and rightfully held, we think, that incorporating a detachable promissory note in an elaborate and ingeniously enticing order for merchandise is presumptively fraudulent and that detaching from a conditional sale agreement for merchandise a note incorporated therein is an alteration which avoids it in the hands of the payee and purchaser with notice, although the contract authorizes its detachment.

Joyce, in his work on Defenses to Commercial Paper, vol. 1 (2d ed.), sec. 257, states that a material alteration of a bill or note will be a good defense to an action against a party not consenting thereto and extends to those cases where the instrument has come into the hands of a *bona fide* holder, and application of this rule will not be affected by the fact that the alteration was of such a character that it could not be detected, and distinguishes between this class of cases and cases where a blank has been negligently left and the instrument has been changed by filling in the blank. The following authorities, cited under notes 27 and 28, among others, support this rule: *Young v. Baker*, 29 Ind. App. 130, 64 N. E.· 54; *Trigg v. Taylor*, 27 Mo. 245, 72 Am. Dec. 263; *Erickson v. First Nat. Bank*, 44 Neb. 622, 48 Am. St. 753, 62 N. W. 1078, 28 L. R. A. 577; *Aamoth*

Points Decided.

v. *Hunter*, 33 N. D. 582, 157 N. W. 299; *Wade v. Withington*, 83 Mass. (1 Allen) 561.

The failure of consideration for which this note was given was conclusively established. It having been made a part of this conditional sale agreement, it was not a negotiable instrument. (*Kimpton v. Studebaker Bros. Co.*, 14 Ida. 552, 125 Am. St. 185, 14 Ann. Cas. 1126, 94 Pac. 1039; *General Motors Acceptance Corp. v. Talbott*, 39 Ida. 707, 230 Pac. 30.)

The jury was properly instructed to return a verdict for respondents and the judgment is affirmed, with costs to respondents.

Wm. E. Lee, Budge, Givens and Taylor, JJ., concur.