(No. 5199.   November 8, 1929.)

SECURITY FINANCE COMPANY, a Corporation, Appellant, v. JENSEN AUTO COMPANY and J. H. JENSEN, Respondents.

[282 Pac. 88.]

A. B. Barclay, for Appellant.

James & Ryan, for Respondents.

BRYAN, Commissioner.—On the eighteenth day of November, 1925, respondents executed and delivered to the Brenard Manufacturing Company six promissory notes for the aggregate sum of $305, falling due in from two to seven months respectively. In the complaint it is alleged that before any of the notes became due, the Brenard Manufacturing Company sold and assigned the same to appellant, who, at the time of the beginning of the action, was the owner thereof, without knowledge of any infirmity or claim against them. At the time the notes were signed they were, by perforated lines, attached to an agency agreement, which agreement contained in bold letters the words, "Notes to be detached by the Brenard Manufacturing Company." It is alleged that prior to the sale and assignment of the notes

they had been detached from the agency contract, and that the purchaser had no knowledge that they had ever been attached to such contract. This action is to recover judgment on these notes.

Respondents deny generally the allegations of the complaint, and as a further defense allege fraud and misrepresentation by the Brenard Manufacturing Company in procuring the notes. Respondents also filed a cross-complaint alleging that the articles for which the notes were given were of no value; that the notes had been materially altered without the knowledge or consent of respondents; and that respondents had been damaged thereby in the sum of $305, the aggregate amount of the notes.

Appellant's first assignment is that the court erred in overruling its demurrer and motion to strike respondents' counterclaim, and in support thereof cites folio 639 of the transcript. Examination of the transcript cited discloses that the sufficiency of the counterclaim was not challenged by demurrer. In overruling appellant's motion made at the close of the trial, the court stated that the demurrer and various motions would be denied. This language was evidently an inadvertence, for nowhere does the word ''demurrer'' appear in any statement of appellant's counsel.

The second assignment is that the court erred in overruling appellant's motion for a directed verdict. As a basis for this motion, appellant contends, first, that the testimony affirmatively shows that appellant became the owner of the notes for value, before maturity, in good faith, and without knowledge or means of knowledge of any infirmity in the title thereof; and, second, that the evidence shows that the contract made between respondents and Brenard Manufacturing Company had not been rescinded by respondents, for the reason that after respondents learned of the fraud and misrepresentations, they did not place appellant *in statu quo*, but treated the property as their own, exercised control over it, and still retained it in their possession at the time of the trial. These contentions make it necessary to determine whether these notes were negotiable promissory notes in

the hands of an innocent purchaser for value, before maturity, and without knowledge of defects in the title thereto.

It is admitted that, when signed, these notes were, by perforated lines, attached to an agency contract. This contract is in evidence (exhibit 1), and provides, among other things, that the notes sued on here were to be signed and delivered to Brenard Manufacturing Company, subject to approval by said company of all the terms of the agency agreement. This contract also contains many of the terms, conditions, and guaranties usually found in such instruments.

To be negotiable, an instrument must contain an unconditional promise or order to pay a sum certain in money. (C. S., sec. 5868.) These notes, together with the agency agreement, do not conform to the requirements of this section.

By the testimony, it is disclosed that for a number of years appellant company had been engaged in purchasing similar notes from Brenard Manufacturing Company. The president and general manager testified (folio 312) that at all times during his incumbency, when such notes were purchased, he knew they had been given in connection with written contracts which had been made with the Brenard Manufacturing Company, the assignor, and that they had later been detached from the said contracts by the said Brenard Manufacturing Company. The circumstances under which these notes were given and received, and the knowledge thereof of the appellant, rob them of negotiability, and render them subject to all defenses which would have been open to respondents as against the original holder. (*General Motors Acceptance Corp. v. Garrard*, 41 Ida. 151, 238 Pac. 524; *State v. Mitton*, 37 Mont. 366, 127 Am. St. 732, 96 Pac. 926; 8 C. J., p. 196.)

Under appellant's second contention listed above it is only necessary to cite a recent decision of this court, in which it was held that for fraudulent representations inducing the purchase of goods, the buyer may rescind the contract, return or offer to return the property, and sue for the amount paid, or he may stand on the contract and sue for damages, which is the difference between the amount paid

and the true value. (*MacLeod v. Stelle*, 43 Ida. 64, 249 Pac. 254.)

Appellant further contends that the court erred in refusing to strike respondents' counterclaim for the reason that the right to counterclaim, if at all, was against the original holder and indorser of the notes, and would not follow them into the hands of the indorsee. Respondents, in their counterclaim, alleged that the commodities purchased had no value, and prayed that the amount agreed to be paid for same be set off against the notes. They did not ask for any sum in excess of the amount of the notes.

"In the case of an assignment of a thing in action, the action by the assignee is without prejudice to any set-off, or other defense existing at the time of, or before, notice of the assignment . . . . " (C. S., sec. 6635.)

In 24 R. C. L., p. 796, it is said:

"But the defensive character of the plea of recoupment is a common law right which the code makers could not have intended to abolish or in anywise impair. The whole spirit and plan of the codes was to liberalize the procedure, and to extend, instead of curtailing, remedial rights. Recoupment is important, even under the code practice, in that it is available as a defense although as an affirmative cause of action it may be barred by the statute of limitations."

Again, at page 821 of the same text, the following language is used:

"The rule most generally followed in the United States is that in an action on negotiable paper transferred after due, the maker may set off any cross demand which existed in his favor against the original payee at the time of the transfer. And statutes with relation to set-offs and counterclaims existing in many of the states either directly or indirectly authorize the assertion of a set-off in such cases. While it is true that the statutes of set-off contemplate mutual demands between the same parties, still the common law or law merchant treats the holder of a promissory note, which was dishonored when he took it, as the party to the contract, for

all purposes of defense, when he shall put his note in suit . . . . ''

This rule is also announced in Pomeroy's Code Remedies, 4th ed., pp. 138, 846.

By the weight of authority, when suit is brought on a nonnegotiable note, set-off is a defense which attaches to the note in the hands of the indorsee, at least to the extent of defeating plaintiff's demand. The transcript discloses that appellant made no attempt to controvert respondents' showing of fraud and misrepresentation. The jury found for respondents, thereby concluding that the notes had been secured by fraud.

Appellant makes numerous additional assignments of error in the giving and refusing of instructions, etc. We have examined these assignments, and find no prejudicial error. Under our conclusions as to the law of the case, as above expressed, the verdict of the jury disposes of the controversy.

I recommend that the judgment be affirmed, with costs to respondents.

The foregoing is approved as the opinion of the court. The judgment is affirmed. Costs to respondents.

Givens, T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.