E. L. MORRISON, *Receiver, etc. v.* A. M. HARMON, *et al.*

(No. 7230)

Submitted April 26, 1932. Decided May 3, 1932.

*Conley & Klostermeyer,* for plaintiff in error.
*A. J. Barnhart,* for defendants in error.

MAXWELL, JUDGE:

This case was tried by the court in lieu of a jury. Plaintiff prosecutes error to a judgment for defendants.

The plaintiff, E. L. Morrison, receiver of the Bank of Winfield, seeks judgment against the defendants, husband and wife, on a note for $5,000.00, dated at Winfield August 25, 1929, payable to the said bank ninety days after date, purporting to be signed by both defendants, .A. M. Harmon and Lolla F. Harmon. The note came into the custody of the receiver along with other assets of the bank when he took charge of its affairs.

Mrs. Harmon testified that she did not sign the note, and did not authorize anybody to sign it for her. Mr. Harmon testified that when he signed the note and delivered it to the bank, it being a renewal of a prior note in like amount, his wife's name did not appear thereon as maker or otherwise. The plaintiff does not undertake to contradict this testimony. In the light thereof and of the testimony of the plaintiff that the note is now in the condition in which it was turned over to him as receiver, it must be assumed that someone connected with the bank forged Mrs. Harmon's signature on the note as a co-maker after the note had been executed by Mr. Harmon and delivered by him to the bank.

We therefore have a concise legal problem. Is the maker of a negotiable note relieved of liability to the payee where it appears that after the note was executed and delivered to the payee the name of an additional maker was forged on the note by the payee, or by someone for whose conduct he is responsible?

"Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided except as against the party who has himself made, authorized or assented to the alteration and subsequent indorsers; but when an instrument has been materially altered and is in the hands of the holder in due course, not a party to the alteration, he

may enforce payment thereof according to its original tenor.''
Section 124, chapter 98A, Code 1923. This is decisive of our
problem if the forging of the name of an additional maker
is a material alteration. Consideration of cases and texts
bearing on the subject will be helpful.

In 2 Parsons on Notes and Bills, page 556, we find the
following terse statement of the general rule: ''Adding the
name of another drawer or maker to a bill or note is a ma-
terial alteration, such as will discharge the original parties
not consenting thereto.'' Recognizing that in a few instances
courts have said that such addition of the name of a maker,
without the consent of the original maker, is immaterial, the
author concludes: ''But we think the wiser rule is that which
looks first to the integrity of the instrument, and secures that,
though there be no actual injury, nor purpose of fraud.''
The rule is elaborated in 3 Ruling Case Law, at page 1115:
''With respect to a note which has been fully issued, com-
pleted, and delivered to the payee, the doctrine seems to be
well sustained that the addition of another maker at the in-
stance of the payee, and without the knowledge of the other
makers, operates to discharge the latter.'' In one of his
valuable notes, Mr. A. C. Freeman, in 86 Am. St. Repts., at
page 94, gives the following brief summarization of the atti-
tude of courts generally on the subject: ''Both in England
and in this country, with the exception of the decisions in
the state of New York, the rule is now well established that
the addition of a new maker discharges all prior nonconsent-
ing makers.'' Following are some of the many cases in
accord. The Texas court in *Ford* v. *First Nat. Bank*, 34 S.
W. 684, said: ''The reason why the addition of a name to a
note, as a joint maker, after its issuance, materially alters
it, is because it changes the number of parties and their rela-
tive rights; it changes the rate of contribution; and it changes
the character and description of the instrument. The original
obligor may thereby be subjected to a suit in a county other
than that of his residence, and suffer inconvenience and in-
jury, as was done in this very case. If it is deemed expedient
to obtain an additional name to a note to make it more secure,
and not for the purpose of obtaining some undue advantage,

the holder could easily obtain the consent of the maker. We believe that the rule which requires that the integrity and identity of this class of paper shall be maintained presents no hardship, and is founded on sound policy.'' The supreme court of Oklahoma is equally emphatic in *Bank of Commerce* v. *Webster*, 70 Okla. 73, 172 Pac. 942, at page 943: '' 'Whether an alteration is material does not depend upon whether it increases or diminishes the maker's liability. The test is whether the instrument, after the alteration, expresses the same contract; whether it will have the same operation and effect after the alteration as before. If the change enlarges or lessens the liability, it is material, and vitiates the contract.' *Commonwealth National Bank of Dallas* v. *Baughman*, 27 Okla. 175, 111 Pac. 332.'' In *Bank of Moberly* v. *Meals*, 295 S. W. 73, at page 77, the Missouri court held: ''A material alteration is one which so changes the terms of the instrument as to give it a different legal effect from that which it originally had, and thus works some change in the rights, interest or obligations of the parties.'' Other cases in accord: *Nicholson* v. *Combs*, 90 Ind. 515; *Singleton* v. *McQuerry*, 85 Ky. 41; *Brown* v. *Johnson Bros.*, 127 Ala. 292; *Dickerman* v. *Miner*, 43 Ia. 508; *Taylor* v. *Johnson*, 17 Ga. 521; *Chapman* v. *Morrison*, (Tex.) 282 S. W. 606; *Fowler* v. *Lachenmyer*, 193 Ill. A. 547; *Wallace* v. *Jewell*, 21 Ohio St. 163; and *Hochmark* v. *Richler*, 16 Colo. 263.

Examination of the reference by counsel for plaintiff in error to 8 Corpus Juris, pp. 763 and 764, and cases there cited, discloses that a distinction is made where an altered instrument has come into the hands of an innocent purchaser. In the case at bar, the instrument has not passed out of the hands of the payee.

This court and the supreme court of Virginia seem not to have passed upon the question of the alteration of a negotiable instrument by the addition of the name of another maker thereon, without the consent of the original maker. Both courts, however, have spoken unequivocally as to material alterations of instruments generally. ''Many written contracts are negotiable and perform important functions in commercial transactions. It is of the highest importance

284

to the commercial world that they be preserved in their original state or conditions. Public policy demands this for the prevention of frauds upon innocent persons. The most effective means of preserving the integrity of such agreements is the rule, that a material alteration destroys the agreement so that no recovery can be had upon it, either in its original or its altered condition. The object of the rule is to enjoin the highest care upon the holder of the agreement, and to punish him with loss for his negligent and fraudulent conduct." *Carey Mfg. Co.* v. *Watson,* 58 W. Va. 189, 196, 52 S. E. 515. Accord: *Yeager* v. *Musgrave,* 28 W. Va. 90, 111; *Waldron* v. *Waller,* 65 W. Va. 605, 64 S. E. 964; *Mayer* v. *Johnson,* 101 W. Va. 522, 133 S. E. 154; *Newell* v. *Mayberry,* 3 Leigh 250; *Dobyns* v. *Rawley,* 76 Va. 537, and *Consumers Ice Co.* v. *Jennings,* 100 Va. 719.

We therefore reach the conclusion that the forging of Mrs. Harmon's name on the note as joint maker, without her husband's knowledge, after he had executed the note and delivered it to the bank, relieves him of liability to the bank or its receiver. This disposition of the case renders consideration of other points of error unnecessary.

The trial court's finding for the defendants was on a different ground from that which we have discussed. But, the judgment being correct the basis on which it was predicated becomes unimportant.

We affirm the judgment of the trial court.

*Affirmed.*