C. I. T. CORPORATION *v.* ANGELO S. PETITTO *et al.*
(No. 8417)

Submitted October 20, 1936. Decided November 10, 1936.

*Charles C. Scott* and *O. L. McDonald,* for plaintiffs in error.

*Hardin R. Harmer,* for defendant in error.

HATCHER, PRESIDENT:

The holder of a note proceeding by notice of motion for judgment against the makers and the payee-assignor, a partnership, recovered a judgment against the partners for balance due on the note.

The note was negotiable on its face, was payable in monthly installments and represented the unpaid balance on a truck, sold under a conditional sales contract by the payee to the makers. The note and the contract were written on a single sheet of paper. Each instrument was

signed severally, and they were separated by a line of perforations, which has since been severed. The note did not refer to the contract. The contract mentioned the note, and contemplated the assignment of both instruments to the plaintiff, which was done. The note was indorsed by the payee as follows: "With full recourse, the undersigned consenting that without notice to and without releasing the liability of the undersigned the holder may extend time to or compound or release any rights against the maker(s)." The makers fell behind in the monthly payments, which were then materially reduced, and the time for completing the payments was extended, by the plaintiff. The makers again defaulted. Whereupon, the plaintiff repossessed and sold the truck, applied the proceeds to the note, and brought this action for the remainder.

A default judgment was taken against the makers, and a trial was had as to the partners, resulting in a directed verdict against them. They moved in arrest of judgment, pending which, on motion of plaintiff the default judgment against the makers was set aside and over the objection of the partners, the makers were dismissed from the proceeding. Then the motion of the partners was overruled and judgment entered against them. They pleaded but did not prove an equitable defense.

They raise the following legal points: (1) The notice herein described the note as a "negotiable promissory note," but the one proven was non-negotiable and fatally variant. (2) The severance of the note from the contract effected a material alteration of the note. (3) The reduction of the installments and the extension of the time specified in the note constituted a novation. (4) The retraction of the judgment against the makers and their dismissal from this action constituted in effect a discharge of the payee-assignor.

(1) When the note was offered in evidence, counsel objected, as he said, "on grounds which have been intimated in the opening statements." Those statements are not in the record. Since the reference is obviously

to statements to the jury, and since we cannot imagine learned counsel presenting for jury consideration the legal question of a variance between the *allegata* and the *probata*, we must assume that the grounds intimated in the statements did not include the alleged variance. The rule is established in the Virginias that when a litigant desires to take advantage of an imputed variance *a specific objection should be made on that account;* and if this be not done, the objection will be treated on appeal as waived. Burk's Pl. and Pr. (3rd Ed.), sec. 308; *Long* v. *Collieries Co.*, 83 W. Va. 380, 384, 98 S. E. 289.

(2) When the detachment of a note from a contract changes the legal effect of the note, the detachment constitutes a material alteration, particularly when the note is in the hands of a holder with notice. *Acceptance Corporation* v. *Garrard,* 41 Ida. 151, 238 P. 524; 2 Am. Jur., subject Alt. of Insts., sec. 76; *Morrison* v. *Harmon,* 112 W. Va. 280, 283, 164 S. E. 145. Conversely, if the detachment has no such effect, the severance is immaterial. *Trust Co.* v. *Simmon,* 62 Okla. 252, 162 Pac. 1098. And when a severed contract and note have a common holder, and he introduces both in evidence—as was done in the instant case—he thereby reunites them in legal effect and the severance becomes of no moment. *Robertson* v. *Kochtitzky,* (Mo.) 217 S. W. 543; *Fed. Cr. Bureau* v. *Zelkor,* 238 App. Div. 379, 264 N. Y. S. 723, 726, *et seq.*

(3) The partners claim for themselves the technical status of the assignor of a note as described in *Stewart* v. *Tams,* 108 W. Va. 539, 541, 151 S. E. 849. That status is implied by law only in the absence of a special contract. See N. I. L., sec. 120(6). The assignor can assume voluntarily a different status. Here, the partners did so in their assignment and authorized the holder to compound or extend the time of the payments. Consequently, the partners cannot disallow what they expressly permitted. *Aldrich* v. *Rowell,* (Iowa) 166 N. W. 89; *Dies* v. *Bank,* 129 Tenn. 89, 165 S. W. 248, Ann. Cas. 1915 A, 1090; Brannan's Neg. Insts. Law (5th Ed.), pp. 912-13.

(4) The indorsement conferred authority "to release any rights against the makers" without affecting the

liability of the partners. The phrase "any rights" is comprehensive enough to include a judgment against the makers. The partners insist that plaintiff having elected to sue them jointly with the makers, should have proceeded to judgment against all or none. This contention would find support under the strict rule of common law pleading. *Hoffman* v. *Bircher*, 22 W. Va. 537. That rule has been much innovated by statute. *Scott* v. *Newell*, 69 W. Va. 118, 122-3, 70 S. E. 1092. However, the extent of modifications under Code, 55-8-7, and 46-8-1, et seq., need not now be considered. Permission "to release any rights against the makers" was permission to release the right of action against them. Thus the partners *in effect* waived the common law rule, and assumed sole responsibility to the plaintiff.

The judgment is

*Affirmed.*